**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4371**

───────────────

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

MARISSA L. KISER, a/k/a Marissa Kiser,

         Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:21-cr-00024-JPJ-PMS-16)

───────────────

Submitted:  September 20, 2023                    Decided:  November 1, 2023

───────────────

Before AGEE, RUSHING, and HEYTENS, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Michael A. Bragg, BRAGG LAW, PLC, Abingdon, Virginia, for Appellant. Christopher R. Kavanaugh, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marissa L. Kiser was convicted after a jury trial of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, fraud in connection with emergency benefits, in violation of 18 U.S.C. §§ 2, 1040(a)(2), conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, mail fraud, in violation of 18 U.S.C. §§ 2, 1341, and aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A, in connection with a scheme to file fraudulent claims for unemployment benefits boosted because of the COVID-19 pandemic. The district court sentenced Kiser to 27 months in prison and 3 years of supervised release. Kiser appeals her convictions, arguing that the district court erred in denying her Fed. R. Crim. P. 29 motions for a judgment of acquittal because there was insufficient evidence that she was not eligible to receive the pandemic-boosted unemployment benefits. We affirm.

We review the district court's denial of a Rule 29 motion for a judgment of acquittal de novo. *United States v. Smith*, 54 F.4th 755, 766 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 1097 (2023). In conducting this review, "we view the evidence in the light most favorable to the prosecution and decide whether substantial evidence supports the verdict." *Id.* (cleaned up). "Substantial evidence is evidence that a reasonable fact-finder could accept as adequate and sufficient to support a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). In assessing whether substantial evidence is present, we are "not entitled to assess witness credibility and must assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Robinson*, 55 F.4th

2

390, 404 (4th Cir. 2022) (internal quotation marks omitted).  A defendant "bear[s] a heavy burden" under this standard.  *Smith*, 54 F.4th at 766 (internal quotation marks omitted).

We conclude after review of the record and the parties' briefs that the evidence was sufficient to show that Kiser was not eligible for pandemic-boosted unemployment benefits in light of testimony from the Government's main witness against her, Leelynn Chytka. Although Kiser criticizes Chytka's testimony and the reliability of her memory and points out contradictions between Chytka's testimony and the testimony given by Kiser and her husband, it is the jury, not this court, that weighs the credibility of the evidence and resolves any conflicts in the evidence presented.  *United States v. Caldwell*, 7 F.4th 191, 209 (4th Cir. 2021).  Here, the jury heard from Chytka, Kiser, and Kiser's husband—all of whom were cross-examined—and it could assess the credibility of the testimony given by each.  Because we decline to second-guess the jury's determination, *Robinson*, 55 F.4th at 404, these credibility challenges do not entitle Kiser to relief on appeal.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*